**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JACOB ANDRE JENNINGS,<br>(TDCJ-CID #705504) | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-17-3088 |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Texas state inmate Jacob Andre Jennings filed a petition for a writ of habeas corpus under

28 U.S.C. § 2254, challenging his 2015 state-court conviction for fraudulent use of identifying

information. The respondent, Lorie Davis, moves for summary judgment on the ground that the

petition is barred by the one-year statute of limitations. (Docket Entry No. 21). Jennings objects.

(Docket Entry No. 25).

Based on careful consideration of the pleadings, the motion, the record, and the applicable

law, the court grants the respondent's motion and, by separate order, enters final judgment. The

reasons are explained below.

**I.     Background and Claims**

Jennings pleaded guilty to one count of fraudulent use of identifying information in Cause

Number 20127, pending in Wharton County, Texas. In September 2015, the trial court sentenced

Jennings to a 12-year prison term under the terms of plea-bargain agreement. Jennings did not

appeal his conviction.

In March 2016, Jennings filed his first state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Jennings*, Application No. WR-40,134-03. The Texas Court of Criminal Appeals denied the application in September 2016, without written order or a hearing, on the findings of the trial court. *Id.* In September 2016, Jennings filed a second state habeas application, *Ex parte Jennings*, Application No. WR-40,134-04, which the Court of Criminal Appeals denied in November 2016, without written order. In June 2017, Jennings filed a third state habeas application, which the Court of Criminal Appeals denied in August 2017, without written order. *Ex parte Jennings*, Application No. WR-40,134-05.

Jennings filed this federal petition in October 2017, raising the following grounds for federal habeas relief.[1]

1.  Void conviction based on fraudulent information and/or actual innocence.

2.  Breached plea agreement.

3.  Illegal use of enhancements.

4.  Ineffective assistance of trial counsel, who:

    a.  failed to object to the improperly predicated plea admonishments; and

    b.  failed to object to the improper enhancements.

(Docket Entry No. 1, at 7–12; Docket Entry No. 8, 1–4).

The threshold issue is whether Jennings filed his petition too late to permit consideration of his claims.

## II. The Legal Standard

---

[1]On December 11, 2017, the court granted Jennings leave to supplement his petition with briefing on an additional ground of ineffective assistance of trial counsel. *See* Docket Entry No. 11.

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Jennings is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Jennings's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The One-Year Statute of Limitations

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Jennings challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Jennings's conviction became final on October 19, 2015, when his time to file a direct appeal expired. *See* TEX. R. APP. P. 4.1(a); TEX. R. APP. P. 26.2(a)(1). The limitations period expired one year later on October 19, 2016. Jennings did not file his federal petition until October 9, 2017. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Jennings's first two state habeas applications, pending from March 14, 2016, to November 23, 2016, tolled the limitations period for 255 days. His third state habeas application, filed on June 7, 2017,

and denied on August 9, 2017, tolled the limitations period for an additional 64 days. Jennings's federal habeas petition was due on September 5, 2017.

No other AEDPA provision applies to extend the limitations period an additional 35 days. Jennings does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). None of Jennings's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D).

Jennings also fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Jennings or prevented him from filing within the deadline. Nor does the record support a conclusion that Jennings was diligent in

pursuing his rights. Jennings let approximately five months pass between the date his conviction became final and when he first sought to file a state habeas application. He then waited an additional two months after the Court of Criminal Appeals denied his third state habeas application before filing his federal petition. Jennings's assertions that he is unskilled in the law and mistakenly believed that the one-year limitations period began to run once the Texas Court of Criminal Appeals took action on his final state habeas application are insufficient to warrant equitable tolling.

Finally, Jennings's assertion that his untimeliness should be excused because he is actually innocent is unpersuasive. Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). To make a tenable actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see House v. Bell*, 547 U.S. 518, 538 (2006) (the *Schlup* standard is "demanding" and seldom met). A petitioner must then show that it is more likely than not, in light of the new evidence, no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327. In this context, newly-discovered evidence of a petitioner's actual innocence refers to factual innocence, not legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Jennings presents no newly-discovered evidence proving his actual innocence. In support of his claim, Jennings maintains he is actually innocent because "the alleged victim of the lost Social Security Card" has submitted an affidavit "stating that she had left the Social Security Card at Jennings's residence by her own mistake, and that nothing illegal has taken place in respect to her card." (Docket Entry No. 25, at 2; *see also* Docket Entry No. 22-14, at 70). He contends that this

evidence is newly discovered because he did not obtain the affidavit until April 2017. *Id.* Jennings's assertion of actual innocence is unpersuasive. He does not establish that this affidavit was unavailable at the time of trial. Moreover, he pleaded guilty to the charged offense under a plea agreement in exchange for the State setting aside at least six additional unindicted felony charges. *See* Docket Entry No. 22-7, at 29–35, 42–46. He admitted under oath that he committed the offense. *See* Docket Entry No. 22-15, at 5–6. Jennings's assertion of actual innocence fails to meet the demanding *Schlup* standard and does not establish an exception to the statute of limitations. Jennings fails to show that he diligently pursued his rights or that any extraordinary circumstance prevented him from timely filing his federal habeas petition.

The record discloses no other basis to extend the limitations period. Given Jennings's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 21), is granted. Jennings's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as time-barred. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

7

or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Jennings stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on January 14, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge